IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CORDELIA O. NWONWU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-cv-03061-MDH |
| ) | |
| BRILL TITLE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Brill Title Company's ("Defendant's") Motion to Dismiss. (Doc. 20). Pro se Plaintiff Cordelia O. Nwonwu ("Plaintiff") responded to Defendant's Motion (Doc. 25) and Defendant's responded in turn. (Doc. 26). For reasons herein, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**.

## BACKGROUND

Plaintiff filed three separate complaints against various defendants in the United States District Court for the District of Columbia. (Doc. 1). Due to lack of venue in the District of Columbia, Plaintiff's cases were transferred to the Western District of Missouri. (Doc. 3). Though unclear, Plaintiff appears to generally allege violation of various state and federal laws stemming from a 2019 foreclosure of a residence in Willow Springs, Missouri. (Doc. 1 at 1). Plaintiff's compliant nearly mirrors other complaints Plaintiff filed under separate cause numbers, implicating other defendants unnamed in the present complaint. Though unclear, Plaintiff appears to allege Defendant acted as the title company associated with the real estate transaction underlying Plaintiff's allegations. (Doc. 1 at 1, 2). Plaintiff's twenty-two page complaint references Defendant

1

only a handful of times, rendering unclear how Plaintiff believes Defendant remains culpable vis-à-vis defendants listed in other complaints. Plaintiff alleges she obtained a loan from Zachary Johnson (defendant in separate case) during January 2012, making regular payments on the loan until December 2014. (Doc. 1 at ¶¶ 13.1, 15.2). Plaintiff alleges her debts were discharged via Chapter VII bankruptcy. (Doc. 1 at ¶¶ 15.2a, 15.2b, 15.2.c). Plaintiff then contends Zachary Johnson foreclosed her residence during June 2019. (Doc. 1 at ¶¶ 15.4, 15.5). Specific claims Plaintiff raises against Defendant remain unclear. Overall, this Court believes Plaintiff intends to allege the following specific causes of action against Defendant: 1) wrongful foreclosure; 2) violation of the Fair Debt Collection Practices Act ("FDCPA"); 3) violation of the Truth in Lending Act ("TILA"); 4) breach of contract; 5) violation of Federal Trust and Lien Laws; 6) slander of title; 7) slander of credit; 8) infliction of emotional distress. (Doc. 1 at 19-20).

## **STANDARD**

A complaint must contain factual allegations, when accepted as true, sufficient to state a claim of relief plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). "Though pro se complaints are to be construed liberally…they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

## ANALYSIS

### I. Wrongful Foreclosure

It remains unclear how Plaintiff believes Defendant engaged in the alleged wrongful foreclosure. In various parts of Plaintiff's complaint dealing with other causes of action, Plaintiff claims Defendant "aided" the lender and trustee in the alleged wrongful foreclosure. (Doc. 1 at 2-4). Plaintiff also claims Defendant recorded documents. (Doc. 1 at 20). Defendant generally argues Plaintiff failed to implicate Defendant in her wrongful foreclosure allegations. (Doc. 20 at 4-5).

A wrongful foreclosure tort action requires Plaintiffs show: "(1) the commencement of a foreclosure by sale (as distinguished from judicial action) of a deed of trust; (2) that at the time the foreclosure proceeding began, there was no default on the defendant's part that would give rise to a right to foreclose; so that (3) the foreclosure is absolutely void." *Union Bank v. Murphy*, No. 4:10-CV-00714-DGK, 2012 WL 4404372, at *8 (W.D. Mo. Sept. 24, 2012) (citations omitted). Plaintiff's allegations fail to state a claim for wrongful foreclosure implicating Defendant, a title company. Any reference to Defendant in the alleged wrongful foreclosure is merely conclusory, void of sufficient alleged facts.

### II. FDCPA Violations

Defendant argues Plaintiff has generally failed to plead a *prima facie* FDCPA claim. (Doc. 20 at 5-6). Specifically, Defendant argues Plaintiff has failed to allege Defendant constitutes debt

3

collectors within the meaning of the FDCPA statute. (Doc. 20 at 5-6). Plaintiff's complaint does not appear to specify under which provision of the FDCPA she intends to raise her claims. Generally, though, an FDCPA claim requires: "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA." *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *2 (E.D. Mo. Jan. 4, 2017) (citations omitted). The FDCPA statute defines "debt collector" as follows.

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C.A. § 1692a.

Plaintiffs may not simply label in a complaint a defendant as a "debt collector" for statutory purposes; rather, plaintiffs must plead sufficient facts to show defendants constitute "debt collectors." *Somlar* at 3. A creditor using its own name to collect its own debt fails to qualify as a debt collector for FDCPA purposes. *Duhart v. LRAA Collections*, 652 F. App'x 483, 484 (8th Cir. 2016).

Taking Plaintiff's complaint as a whole, Plaintiff appears to assert Defendant was simply the title company associated with the real estate transaction. Plaintiff does not appear to allege Defendant, a title company, constituted a debt collector. Plaintiff's pleadings fail to establish Defendant constitutes a debt collector for FDCPA statute purposes.

### III. TILA Violations

Plaintiff argues, "The defendant… aided [the trustee and lender] in violating the [TILA], Regulation Z, 12 CFR § 226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures." (Doc. 1 at ¶ 3.1). Defendant argues

4

Defendant is not a party to the debt contract nor the deed of trust, therefore having nothing to do with the TILA allegations. (Doc. 20 at 6). This Court agrees with Defendant, as Plaintiff's allegations fail to implicate Defendant beyond mere conclusory statements.

IV. **Breach of Contract**

Plaintiff appears to allege breach of contract against Defendant. (Doc. 1 at 11-12). Plaintiff argues Defendant fails to allege the existence of a contract, a prerequisite for a breach of contract allegation. (Doc. 20 at 6). This Court agrees with Defendant, as Plaintiff has failed to argue a contract existed between Defendant and Plaintiff.

V. **Federal Trust and Lien Laws Violation**

Plaintiff claims Defendant, "violated Federal Trust and Lien Laws when he/she/it signed title papers clearing the way for non-judicial foreclosure." (Doc. 1 at 20). Defendant argues it remains unclear what laws Plaintiff refers to, failing to assert any claim for which relief may be granted. (Doc. 20 at 6-7). Defendant argues that, to the extent Plaintiff attempts to implicate any provision of the Dodd-Frank Act, the act fails to allow private causes of action. (Doc. 20 at 6-7). This Court agrees with Defendant. Plaintiff's Count Five allegations are conclusory and state no cognizable right to relief.

VI. **Slander of Title**

Plaintiff asserts Defendant, "caused to be recorded various documents including a Notice of Trustee Sale which has impaired [Plaintiff's] title which constitutes slander of title." (Doc. 1 at 20). Defendant argues Plaintiff has failed to allege Defendant published anything with malice.

5

(Doc. 20 at 8). A slander of title claim under Missouri law requires, "1) some interest in the property, 2) that the words published were false, 3) that the words were maliciously published, and 4) that [the Plaintiff] suffered pecuniary loss or injury as a result of the false statement." *Lau v. Pugh*, 299 S.W.3d 740, 748–49 (Mo. Ct. App. 2009) (citations omitted). Malice pleading in a slander of title action requires, "factual allegations sufficient to create a plausible claim that [a defendant] acted with a reckless disregard for the truth, despite a high degree of awareness of probable falsity. *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1258 (8th Cir. 2013) (citations omitted). Plaintiff has failed to plead any facts indicating reckless disregard by Defendant.

### VII. Slander of Credit

Plaintiff alleges, "the actions and inactions of the defendant [have] impaired her credit." (Doc. 1 at 2). Defendant argues generally that Missouri courts treat slander of credit claims as defamation allegations and Plaintiff failed to plead a *prima facie* case. (Doc. 20 at 8). Defendant is correct that Missouri courts analyze slander of credit allegations through a lens of defamation. *Glanzer v. Bank of Am., N.A.*, No. 14-0298-CV-W-REL, 2014 WL 6604788, at *11 (W.D. Mo. Nov. 20, 2014). "The elements of a defamation claim are (1) publication, (2) of a defamatory statement, (3) that identifies the claimant, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation." *Glanzer v. Bank of Am., N.A.,* No. 14-0298-CV-W-REL, 2014 WL 6604788, at *11 (W.D. Mo. Nov. 20, 2014). Plaintiff simply claims Defendant's actions and inactions have impaired her credit. (Doc. 1 at 20). Plaintiff offers no additional facts in support. Plaintiff's allegations under Count Seven are simply conclusory and fail to plead a *prima facie* defamation case.

## VIII. Infliction of Emotional Distress

Plaintiff asserts, "the defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress." (Doc. 1 at 20). Plaintiff offers no additional facts in support of this claim. Defendant argues generally Plaintiff has failed to plead a *prima facie* case of either negligent or intentional infliction of emotional distress. (Doc. 20 at 9-10). This Court agrees, finding Plaintiff's claims to be conclusory, void of supporting factual allegations.

## CONCLUSION

For foregoing reasons Defendant's Motion to Dismiss is **GRANTED**. This Court dismisses Plaintiff's claims against Defendant with prejudice.

**IT IS SO ORDERED.**

Dated: November 21, 2022         */s/ Douglas Harpool*
                                 **DOUGLAS HARPOOL**
                                 **United States District Judge**